As case of today and it is entering the commitment of Kevin Stanbridge. That is case number 4131063 for the appellant Betsy beer. And for the Apple East even so so help me. So Sultanzade. Okay. Thank you. Miss beer. For I told my daughter I was nervous. She said it's like going to the grocery store. Frankly. I haven't been to the grocery store since I was here in April. You were here in April on this case or similar. Yes, I was. Are we ever going to run out of Stanbridge cases? Miss beer? Yes. Good. Okay. Thank you. The SPP Act does not have anything that's called a no probable cause hearing. There's no provision for something called a motion for finding of no probable cause under the circumstances that we have before the court today. What the statute does provide for is a probable cause hearing. Which is simply put just hard to say when you're talking about the sexually violent persons commitment Act, but is simply a probable cause hearing. That consists of a review of the report and argument of counsel. I would submit to the court that there is no one particular moving party. And while the state may file that motion for finding of no probable cause, what the statute provides for is that probable cause hearing. But the state will argue that the court should find that there is not probable cause to believe that there have been that change circumstances and respondent will be arguing. Particularly in this case to the contrary. But we do have a probable cause hearing. It is a review. Nonetheless, a probable cause hearing where the law regarding probable cause, especially as developed in this case by the Illinois Supreme Court, as it has defined probable cause. And what it means is that there is a plausible account on each element to reasonably believe whatever that proponent is proposing. In our case, the question is not whether or not Mr. Stanbridge has probable cause to believe that there's reason to believe we can defeat every element. But we are only addressing the mental disorder element. And whether or not there has been a change in circumstances as required by the Illinois Supreme Court in this case, in the Stanbridge case. The Supreme Court said that there needs to be some change in circumstance, either in the condition of the person or a change perhaps in the professional knowledge or methods of the experts involved. A change in the legal definition of a sexually violent person. The court said that these change circumstances could include these particular changes. But it's not exhaustive and I would submit to the court that one of the changes would be a change in the mental health definition of, in this case, paraphilia. When the court received and reviewed the report submitted by Dr. Smith, Dr. Smith reported that there had been a change in the DSM-5 and noted the criteria of diagnosis and laid that out. And when you compare those, the criteria for the diagnosis between what was before the court and the previous criteria of diagnosis, there has been a change. And it's not just a cosmetic change. If you consider the criteria for diagnosis and the diagnosis for pedophilia, they're the same except for the label. Instead of being called pedophilia, it's now called pedophilic disorder. But in this situation, there is a change, a meaningful change, that does apply to Mr. Standridge and this is a change in a mental health definition which supports a finding of probable cause that there has been a change in circumstances which would necessarily result in an evidentiary hearing. The criteria in many regards has changed up the language and put one word in front of another, but that's not what I'm talking about here. What I'm talking about is that there has been a change which uses the language intense sexual arousal involving sexual activity with non-consenting persons. That language, sexual arousal involving sexual activity, is nowhere to be found in the diagnosis of paraphilia not otherwise specified that was first used at the trial in this case in October of 2007 and that has been used repeatedly since in the reports that Dr. Smith has provided to the court. This was a change. And this is a change which I submit to this court establishes a plausible account for a change in that mental health diagnosis which establishes probable cause to proceed to an evidentiary hearing where then we would have the full hearing and the standard of proof would be clear and convincing. What's the change? From what to what? Can you be more specific? You're kind of losing me here. The change is in the definition. First of all, there was a change in the DSM. Right. Right. So we now have the DSM-5. I understand you're saying the language sexual arousal involving sexual activity is the change, but okay, from what did that change? What was the language prior to this new language? The prior language broke down the criteria in three separate paragraphs, A, B, and C. A was recurrent, intense, sexually arousing fantasies, urges, or behaviors generally involving non-human objects, the suffering or humiliation of oneself or others, or children, or other non-consenting persons. And that is contained within this paragraph, but it doesn't start off with that. B is present for at least six months. We do have a change here where it says over a period of at least six months. I'm not seeing a lot of change there, counsel, but I'll continue to compare the two. The question is, I believe, is not for us to determine what that change is. It is for, not to, I have to strike that, that's not what I'm trying to say. The language has changed, and it's changed in a way that is not clear to us what it means. And to have that clarity, we do need the experts to testify about what that is.  Yes, we have Dr. Smith, who, when you look at the evidence of diagnosis, does use the same paragraph that he's used since 2008, over and over and over again. He refers to the 1989 conviction, and then the 1999 conviction. But here we are in 2014, and we are looking at a diagnosis that's based on information that's 15 years old. We're talking, and this would be an unacceptable, I think, basis for a medical diagnosis, for a present day medical diagnosis. And I submit to the court that it is unacceptable for a present day mental health diagnosis when you have information that is 15 years old. The change involving the sexual activity would be that we have no evidence of sexual activity. And we have nothing that would support this diagnosis as of today. The plausible account that I'm trying to address with the court in this case is that with that change in diagnosis, and Mr. Stanbridge's current circumstances 15 years later, what is the application of that diagnosis to the circumstances as Mr. Stanbridge exists today? And we don't know. And the trial judge does not know that this is a matter for an evidentiary hearing with the expert testimony and a resolution by a jury if this were to go to a jury trial. But nonetheless, it's to be addressed at an evidentiary hearing that this does constitute probable cause in a change of circumstances, this change in the definition. And as I said, I submit to the court that it is a substantive change involving sexual activity. After that, the change not only in the definition of the diagnosis that was presented at trial, but also that he no longer has been diagnosed with pedophilia. We did address that the last time I was here in court. And as the court said, the court was not persuaded in that particular argument. But I would ask the court to consider that the two things in conjunction, I think, result in a significant change. Not only the change in definition, but the change, excuse me, the fact that there is no pedophilia diagnosis. We are asking the court today to reverse the trial court's finding of no probable cause to remand for an evidentiary hearing. Okay. Thank you. You'll have rebuttal. Thank you, Your Honor. Mm-hmm. Thank you. Good afternoon, Your Honors. May it please the court. I'm Assistant Attorney General Stephen Soltanzati on behalf of the people. The circuit court's decision in this case should be affirmed because there was nothing in Dr. Smith's re-evaluation report suggesting that anything regarding respondent's condition had changed, let alone had changed so significantly that there was probable cause to believe that he is no longer an SVP. Respondent's brief raises two arguments. The first is that Dr. Smith's report includes a rule-out diagnosis. This court has already rejected that argument in Mr. Stambridge's prior appeal and will rest on the briefs on that issue unless the court has questions about it. The second argument, that there was a change between the DSM-IV and the DSM-V, and that necessarily gave rise to probable cause in this case, also fails. Nothing in the changes in the DSM-V materially affected the diagnosis in this case. And Dr. Smith's report unequivocally said that respondent's condition had not changed, that he was still an SVP, and that he suffered from paraphilic disorder, which is a qualifying diagnosis under the SVP Act. For those reasons, the circuit court's decisions should be affirmed. I think it's useful to look at the standard in Section 55A. Section 55A doesn't say that if there's any change at all, we need to advance to the next stage, that the trial court needs to make a finding of no probable cause. Section 55A says there must be a change so significant that it gives the court reason to believe that the respondent is not an SVP. Here we have one piece of evidence before the court. It's Dr. Smith's 66-month re-evaluation report. And that says unequivocally, without reservation, that respondent's still an SVP, and that he suffers from this qualifying diagnosis. I think in response to what respondent said about the change in the DSM-5, that it's new, that we necessarily need some sort of hearing to determine if there has been a substantial change that renders respondent no longer an SVP, a sexually violent person. I think it's important to realize that these diagnostic criteria, and Dr. Smith says this in the report, this was before the court, these are not elements of the Act and not elements of a crime. They're not to be strictly applied. These are flexible diagnostic criteria to be interpreted and applied by a professional. And that's what Dr. Smith did. He looked at these criteria, he looked at the evidence, and based on the same evidence that he used to diagnose respondent under the DSM-4 with paraphilia, he diagnosed respondent with paraphilic disorder. In his report, the criteria he lays out are substantially similar. There's no material change. And in any event, he applies that evidence, makes a diagnosis, shows no equivocation. There's no reason to believe that this respondent is not an SVP. One final point. Respondent argues that DSM-5 brings up a new element of sexual activity. And I'll just point out that the only evidence Dr. Smith relies on in his diagnosis under both the DSM-4 and the DSM-5, or the primary evidence, I should say, more succinctly, was involving sexual activity. He cites two incidents where respondent assaulted adolescent males. That clearly involves sexual activity. So even if the DSM-5 included this new element of sexual activity, and Dr. Smith doesn't seem to think that it does, and we submit that it does not, but even if it did, that would not affect the diagnosis in this case before the court. Now, if the court has no further questions, we ask that the court affirm the circuit court's judgment. Thank you. I see no questions. Thank you. Do you have rebuttal? I do not. Do you not have rebuttal? Okay, thank you. Do both of you. The case is submitted and the court stands in recess until further call.